BROWN, CHIEF JUDGE,
concurring.
[il agree with the majority’s conclusion but not their discussion of Doyle v. Ohio, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976).
The Fifth Amendment to the U.S. Constitution assures that “No person ... shall be compelled in any criminal case to be a witness against himself, ...” Lá. Const. Art. 1, § 13 provides that “[WJhen any person has been arrested or detained in connection with the investigation or commission of any offense, he shall be advised fully of ... his right to remain silent, his right against self incrimination ...”
In Doyle, supra, defendants were convicted of selling marijuana, and their appeal was denied. The U.S. Supreme Court granted certiorari and held that, although the Miranda warnings contain no express assurance that silence will carry no penalty, such assurance is implicit to any person who receives the warnings. Defendants, who were given the Miranda warnings on arrest, chose to remain silent and did not complain to the arresting officer that they *1068 -had been framed. Thereafter, for the first time at trial, they gave their exculpatory story. The Doyle court held that the prosecutor’s cross-examination of defendants as to why they had not told the frame-up story on, arrest violated due process and further, that cross-examination as to defendants’ post-arrest silence was not justified on grounds of necessity, i.e., that the discrepancy gave rise to an inference that the story was fabricated.
In the case sub judice, the state’s references to defendant’s silence after the Miranda warnings were given, or more generally, to defendant’s | .¡failure to come forward with his version of events at any time before trial, crossed the Doyle line.
The prosecutor in this case was clearly attempting to show (during both her direct questioning of the arresting officer and thereafter her cross-examination of defendant) that, following defendant’s arrest and his receipt of the. Miranda warning, defendant chose to remain silent because he had not yet fabricated his claim at trial of self defense.
The majority opinion rests on the argument that defendant’s petition was properly dismissed because of a procedural default, that is,, defendant’s attorney failed to object at trial to the prosecutor’s questions on direct to the arresting officer. On cross examination of defendant, his attorney did object, but during the argument, defendant said that he would answer the question. The trial court denied the objection. Under the procedural default doctrine, a court may not consider a defendant’s claim when there was no objection. In Pitts v. Anderson, 122 F.3d 275, 279 (5th Cir.1997), the United States Fifth Circuit Court of Appeals addressed the procedural default issue as follows:
Nonetheless, Pitts may still prevail by demonstrating (1) cause for the procedural default and actual prejudice as a result of the alleged violation of federal law or (2) that failure to consider his claims will result in' a fundamental miscarriage of justice. See Coleman, 501 U.S. [722] at 750, 111 S.Ct. [2546] at 2564 [115 L.Ed.2d 640 (1991)]. Pitts attempts to demonstrate cause by arguing that his attorney’s failure to object and raise the Doyle issue on appeal constituted ineffective assistance of counsel. See Coleman, 501 U.S. at 753-54, 111 S.Ct. at 2566-67 (“Attorney error that constitutes ineffective assistance of counsel is cause.”).
To establish ineffective assistance of counsel, Pitts must show that (1) his counsel’s performance was deficient and (2) the deficient performance prejudiced his defense. See Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).
Pitts, supra, is factually distinguishable from the instant case. In Pitts,' the defendant actually gave a statement following his Miranda warning, and then at trial, he testified inconsistent "to that statement. The Fifth ‘Circuit concluded, “Because the prosecutor’s comments did not violate Doyle, Pitts has failed to demonstrate ineffective assistance of counsel or other cause for his failure to object to the prosecutor’s comments in a timely fashion. Accordingly, . Pitts’s application for federal habeas relief is barred by the procedural default rule, and the district court’s judgment denying his habeas petition is AFFIRMED;” Pitts, 122 F.3d at 283.
In the case sub judice, the direct examination of the arresting officer as wéll as the cross examination of defendant clearly violated Doyle as defendant did not make any statement, much less an inconsistent one. Nonetheless, this was a judge, not a jury, trial. Consequently, I conclude that the Doyle error which did occur at trial did *1069 not substantially influence the judge’s opinion so as to entitle defendant to relief.